

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2019-4530                    DIVISION: N

JOHN B. WILKINSON

VERSUS                          SECTION 8

RELIAS, LLC

FILED: _____         _____

                                                                DEPUTY CLERK

## RULE FOR JUDGMENT AGAINST DEFENDANT
## FOR UNPAID WAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, John B. Wilkinson, in the above entitled and numbered cause and respectfully represents that:

### PARTIES

1.

Named Plaintiff herein is:

a) John B. Wilkinson, (hereinafter "Wilkinson" or "Plaintiff") domiciled in Orleans Parish, State of Louisiana, and who is a person of the full age of majority with procedural capacity to bring this action.

2.

The following party, made Defendant in this suit, is indebted to Plaintiff for payment of final wages, penalties, attorney fees and other amounts provided for under law:

a) RELIAS, LLC, (hereinafter "Relias" or "Defendant") a limited liability company who is doing business in this parish and this State, with a Registered Office and a Registered Agent at 501 Louisiana Ave., Baton Rouge, LA 70802, organized under the state of Delaware.

### VENUE AND JURISDICTION

3.

Venue is proper in the Parish of Orleans pursuant to the Louisiana Code of Civil Procedure because Plaintiff resides in Orleans Parish and work sued upon herein was performed in the Parish of Orleans.

1



4.

This Court has subject matter jurisdiction to hear the actions presented in this suit.

## USE OF SUMMARY PROCEEDINGS

5.

Under La. R.S. 23:631(B), the Louisiana Wage Payment Act ("LWPA"), Plaintiff is entitled "to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592 [Summary Proceeding]." This summary proceeding may be in the form of a rule to show cause, served upon the defendant, without the necessity of citation and service. La. Code Civ. Proc. art. 2593 and 2594. After such reasonable notice, this summary proceeding may tried in open court or in chambers, in term or in vacation with evidence heard and introduced, without a jury, and with preference over ordinary proceedings. La. Code Civ. Proc. art 2595.

## FACTS

6.

Mr. Wilkinson began working as an employee of Gannett Healthcare in around March of 2010. In 2015, Gannett Healthcare was sold to Oncourse Learning Corporation ("OLC"). Defendant Relias acquired OLC through a merger that began in 2018, leaving Defendant Relias as the sole surviving entity through the ultimate discharge of Mr. Wilkinson. Thus, Defendant is liable for the labor violations described herein.

7.

Mr. Wilkinson's job at all relevant times was to sell healthcare and professional development education subscriptions of Defendant's software and teaching products to healthcare providers. At all times relevant, Mr. Wilkinson was based in Orleans Parish and his territory included Texas, Louisiana, Mississippi, Arkansas, Oklahoma, Alabama and Tennessee.

8.

Mr. Wilkinson's agreed upon compensation included the following earned wages: an annual salary, "New Sales" Commissions, "Renewal Sales" Commissions, and "Annual Bonus"

Commissions.[1]

9.

Mr. Wilkinson was very effective in making and maintaining business relationships resulting in "Renewal Sales" (i.e. contract extensions) and "New Sales" (including upgrades to existing contracts).

10.

One such relationship built by Mr. Wilkinson was with a client he personally solicited and originated for Defendant, "Client MH."[2] Mr. Wilkinson signed Client MH to a "New Sales" contract in around October 14, 2013. Mr. Wilkinson was the primary and only sales point between Defendant and Client MH.

11.

About 2 years later in around December of 2015, in addition to his other sales, Mr. Wilkinson was able to secure an early renewal with upgrade with Client MH for another 3 year term ending December 28, 2018.

12.

Mr. Wilkinson began working on yet another three year extension with Client MH in around January of 2018 to ensure the Client MH's renewal at the end of their then current 3 year agreement in December of 2018. Through this time, Mr. Wilkinson was still the only salesperson dealing with Client MH, the client he originated.

13.

On around September of 2018, Mr. Wilkinson was informed about the merger with Defendant, and was informed by supervisors that he would be, and was, discharged by Defendant on about December 31, 2018.

14.

Nevertheless, Mr. Wilkinson continued to do his job on all projects, including the three

---

[1] Under Louisiana law (specifically the LWPA), "LSA-R.S. 23:631 clearly includes commissioned employees." *Brown v. Navarre Chevrolet, Inc.*, 610 So.2d 165 (La. App. 3 Cir. 1992) (citing numerous cases).
[2] In an abundance of caution Plaintiff has not used the third-party's name, Client MH, in this pleading, but may do so in the future, including at the hearing of this Rule, once it is determined there is no consideration for confidentiality.

year renewal and upgrade work for Client MH. Mr. Wilkinson's hard work paid off with Client MH, on about December 19, 2018, when Client MH's Executive Leadership confirmed approval and signed off on the three year extension.

15.

Mr. Wilkinson's last day with Defendant was December 31, 2018, but Defendant has withheld and refused to pay all of Mr. Wilkinson's earned wages, including those earned through his work on the latest three year extension with Client MH.

16.

On March 19, 2019, Mr. Wilkinson sent a detailed demand letter via electronic mail and United States Certified Mail,[3] specifically citing the LWPA and Louisiana Revised Statute 23:631, *et seq.*,[4] requesting payment of all earned wages from Defendant.

17.

The final earned wages owed to Mr. Wilkinson for his work on Client MH's deal, including meeting his "Annual Bonus" commission quota, is detailed as follows:

a. $21,855.44 (comprised of 1% in commissions on $454,375 in "Renewal Sales," and 3% in commissions on $577,056 in "New Sales/Upgrades," to Client MH), plus

b. $70,993.00 (his "Annual Bonus" commission comprised of 5% in commissions on $1,419,860 in total "New Sales/Upgrades" for the year).

18.

Mr. Wilkinson's detailed demand letter of March 19, 2019 also specifically asked Defendant to "provide any reasoning, lawful or otherwise, for any refusal to remit any of the earned wages described herein" and informed Defendant that if payment of his earned wages was not forthcoming that he would have no other recourse but for legal action.[5]

19.

On March 27, 2019, Brian Isgett, Defendant's General Counsel, replied to Mr. Wilkinson's

---

[3] **Ex. A.**, March 19, 2019 Demand Letter and Signed Receipt from Defendant.
[4] "Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or **no later than fifteen days following the date of discharge**, whichever occurs first." La. R.S. 23:631(A)(1)(a) (emphasis added).
[5] **Ex. A.**, March 19, 2019 Demand Letter and Signed Receipt.

4

demand and stated that Defendant would continue to refuse payment of Mr. Wilkinson's earned commissions related to Client MH, contending Client MH's deal "did not close" by December 31, 2018 entitling Mr. Wilkinson's commissions for "Renewal Sales" and "New/Upgrade Sales," and as a result Mr. Wilkinson also finished the 2018 year "below quota" for his "Annual Bonus."[6] Defendant refused to provide any further explanation for their self-serving contention or the withholding of Mr. Wilkinson's earned wages.

20.

Putting aside the fact that the three year extension sale was agreed, approved, and signed off by Client MH's executives in 2018,[7] Defendant's contention that they can strip Mr. Wilkinson of his wages because the deal "did not close" until January of 2019 is flawed and in bad faith, where indisputable Louisiana law provides that when a commission earning employee performs work on a commission deal, those wages are owed.

21.

On March 28, 2019, through an email from undersigned to Mr. Isgett, Mr. Wilkinson again requested that Defendant provide "any reference to any Louisiana legal authority that you contend absolves your company of paying these earned wages."[8]

22.

However, Defendant refused to respond and has refused to provide any legal authority for their continued refusal to abide by Louisiana law requiring payment of Mr. Wilkinson's earned wages. Defendant's continued refusal to withhold Mr. Wilkinson's final earned wages, in light of the facts and law, is unreasonable under any circumstance and in bad faith.

23.

As of the present filing, Defendant Relias has failed to pay earned wages to Mr. Wilkinson in the amount of $92,848.44. Defendant is liable to Mr. Wilkinson for these wages, plus statutory penalties equal to ninety days of wages at his daily rate of pay, which plaintiff submits is equal to

---

[6] **Ex. B.**, March 27, 2019 Email from Defendant and Response from Plaintiff.
[7] "The thing, the price, and the consent of the parties are requirements for the perfection of a sale." La. Civ. Code art. 2439.
[8] **Ex. B.**, March 27, 2019 Email from Defendant and Response from Plaintiff.

or greater than $63,453.07, Mr. Wilkinson's average daily wages with all earnings at $705.03 per day multiplied by 90 days.[9]

24.

Mr. Wilkinson is entitled to an award for reasonable attorney's fees to be taxed as costs to Defendant, Relias, LLC, as more than three days have elapsed since Mr. Wilkinson's making his first demand for the payment.[10]

WHEREFORE, Plaintiff, John B. Wilkinson, prays that Defendant, Relias, LLC, be ordered to show cause at a time and date to be fixed by this Court why judgment should not be rendered against them in favor of Plaintiff for all amounts due and owing together with legal interest thereon from the date of judicial demand until paid, for all penalties and reasonable attorney's fees provided for pursuant to Louisiana Revised Statute 23:632, for all costs of these proceedings, and for all general and equitable relief as Plaintiff may be entitled under Louisiana law.

Respectfully Submitted,

By: _____
Kenneth C. Bordes (LA Bar #35668)
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM
*Attorney for Plaintiff, John B. Wilkinson*

PLEASE SERVE A COPY OF THIS PLEADING ALONG WITH THE ORDER AS FOLLOWS:

**RELIAS, LLC**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

---

[9] "Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages." La. R.S. 23:632(A).

[10] "Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation." La. R.S. 23:632(C).

6

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. _____                                          DIVISION: _____

### JOHN B. WILKINSON

### VERSUS

### RELIAS, LLC

FILED: _____        _____
                                                              **DEPUTY CLERK**

## ORDER

Considering the foregoing motion of Plaintiff:

IT IS ORDERED that Defendant, Relias, LLC, show cause, if any they can, on the _____ day of _____, 2019, at _____ o'clock ___.m. why judgment should not be rendered against them for all amounts and wages due and owing, for all penalties, and attorney's fees provided for under Louisiana Revised Statute 23:632, and for all costs of these proceedings together with interest from the date of judicial demand.

New Orleans, Louisiana, this _____ day of _____, 2019.

_____
**JUDGE**

PLEASE SERVE THE <u>RULE FOR JUDGMENT AND ORDER</u> AS FOLLOWS:

**RELIAS, LLC**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

PLEASE SERVE <u>ONLY THE ORDER</u> AS FOLLOWS:

**John B. Wilkinson**
Through counsel of record:
Kenneth C. Bordes
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM

VERIFIED

*FILED 2019 APR 30 AM 9:42 CIVIL DISTRICT COURT*

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.                                                                                                               DIVISION:

### JOHN B. WILKINSON

### VERSUS

### RELIAS, LLC

FILED: _____         _____
                                                                    DEPUTY CLERK

### REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, John B. Wilkinson, who makes the following requests:

1.

Pursuant to LSA-C.C.P. Article 1572, Plaintiff requests written notice ten (10) days in advance of the date fixed for the trial or hearing on any exceptions, motions or rules on the merits of the captioned matter.

2.

Pursuant to LSA-C.C.P. Articles 1913 and 1914, Plaintiff requests immediate notice of all interlocutory and final orders and judgments on any exceptions, motions or rules on the merits of the captioned suit.

**WHEREFORE**, the premises considered, Plaintiff, John B. Wilkinson, requests that he be furnished with the above specified information.

Respectfully Submitted,

_____
Kenneth C. Bordes (LA Bar #35668)
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM
*Attorney for Plaintiff, John B. Wilkinson*

8

**VERIFIED**

# KENNETH C. BORDES, ATTORNEY AT LAW, L.L.C.

2725 LAPEYROUSE ST. • NEW ORLEANS, LA 70119
P: 504.588.2700 • F: 504.708.1717 • E: KCB@KENNETHBORDES.COM
LOUISIANA | NEW YORK

FILED 2019 APR 30 AM 9: 42 CIVIL DISTRICT COURT

March 19, 2019

*Via US Certified Mail*
*Via Electronic Mail: (aridenhour@relias.com; bingram@relias.com; ddonnell@relias.com; kramirez@relias.com)*

| | |
|---|---|
| Relias, LLC<br>*Through*<br>Alison Ridenhour, HR Generalist<br>Blake Ingram, National Director of Sales<br>Ken Ramirez, VP Strategic Programs<br>David Donell, Legal Counsel<br>111 Corning Rd. Ste. 250<br>Cary, NC 27518 | Relias, LLC<br>*Through its Registered Agent*<br>Corporation Service Company<br>2626 Glenwood Ave Ste 550<br>Raleigh, NC 27608 |

Re: Demand for Unpaid Wages, Penalties, and Attorney Fees and for the Preservation of Evidence
Our Clients: John B. Wilkinson
Our File #: 2019.0201-P.1

To Whom It May Concern:

Please be advised our law firm represents the above-referenced client in employment matters arising out of their previous employment with Relias, LLC ("Relias").

At this time, my client has yet to receive roughly $78,649.84 in earned wages, which includes, but is not limited to, salary, bonuses, commissions, etc. – all in violation of the Louisiana Wage Payment Act ("LWPA"), La. R.S. 23 § 631 *et seq.*

- Total owed in commission for Q4 2018 M▆▆▆▆ H▆▆▆▆ contract is **$21,855.44** (1% on renewal of $454,375 / 3% new sales/upgrade of $577,056)
- Total owed in annual bonus is **$56,794.40** (4% on total sales for the year of $3,022,747.20)

The reasons and conduct that may be associated in the withholding of these earned wages may also represent egregious violations of Louisiana's Unfair Trade Practices Act ("LUTPA"). Upon information and belief, my client's above described wages were withheld from him despite confirmation of sales and wages earned. There is ample proof to this effect in the possession of Relias, the customer (M▆▆▆▆ H▆▆▆▆), and my client that will be elicited and corroborated in litigation should the need arise. In addition to this, my client appears to have been provided certain earning statements in exchange for entering into a separation agreement. Subsequently, the alleged earnings statement was changed and earned




wages reduced. Such fraudulent inducements and vices of consent further evidence Relias's conduct as described herein.

In addition to violations of the Louisiana Wage Payment Act (and other state and federal labor/contract laws), we intend to seek information regarding the company's corporate structure, relationship with other entities, and/or reasons for failing to compensate my client. Please let this letter serve as our formal request for your company to take appropriate steps to preserve and retain **all** documents (electronic or otherwise) and communications related to my client's employment and Relias's affiliations with other entities (including former entities). Specifically, we request that you take all appropriate steps to ensure the preservation and retention of all documents, time sheets, expense reports, contracts, commissions owed/paid, hours worked, etc.

In addition to the unpaid wages owed to my client, they are now entitled to over penalty wages under the LWPA, as well as all costs and reasonable attorneys' fees in collection these amounts. As discussed above, any complaint may also include LUTPA claims for Relias's unfair trade practices in withholding or converting these wages, which require a copy of the complaint being forwarded to the Louisiana Attorney General's office, and may result in treble damages to Relias.

These labor violations may also impute personal liability onto those individuals found to have participated, or been complicit in, certain violations.

Despite the above claims, at this time, my client is willing to resolve this matter for the $78,649.84 in earned wages, and $8,300.00 in currently accruing attorney fees, for a total of **$86,949.84**. This amount must be received at Kenneth C. Bordes, Attorney at Law, LLC at 4224 Canal St., New Orleans, LA 70119 **no later than March 29, 2019**. If Relias decides not to remit these lawful amounts owed by said date, this offer is revoked, and my client will seek the full amounts of wages, penalties, costs, attorney fees, along with any other remedy available, through litigation. We would also ask that you provide any reasoning, lawful or otherwise, for any refusal to remit any of the earned wages described herein.

Our client's preference is to settle this matter amicably. However, we will aggressively protect our client's interests should you fail to act reasonably and fairly. Should you have any questions, do not hesitate to contact me. I look forward to working with you or your designated representative toward resolving these matters.

Sincerely,

Kenneth C. Bordes
kcb@KennethBordes.com

cc: Mr. John B. Wilkinson
Enclosure(s):

**USPS TRACKING #**

9590 9402 4461 8248 9191 18

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box●

Kenneth Bordes
Attorney at Law, LLC
2725 Lapeyrouse St.
New Orleans, LA 70119

Wilkinson

-222225



COMPLETE THIS SECTION

items 1, 2, and 3.
name and address on the reverse
can return the card to you.
card to the back of the mailpiece,
front if space permits.

assed to:

Lennair
Blake Ingram
Ken Ramirez
David Donello
111 Corning Road, Suite 250
Cary, NC 27518

9590 9402 4461 8248 9191 18

2. Article Number (Transfer from service label)
7016 3040 0001 7207 7015

A. Signature
X [signature]    ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   over $500

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Kenneth Bordes <kcb@kennethbordes.com>

---

**FW: Demand for Unpaid Wages, Penalties, and Attorney Fees and for the Preservation of Evidence 2019.0201-P.1**

---

**Brian Isgett** <bisgett@relias.com>  Wed, Mar 27, 2019 at 9:50 AM
To: "KCB@KENNETHBORDES.COM" <KCB@kennethbordes.com>

Mr. Bordes,

We are in receipt of your demand letter on behalf of Mr. John Wilkinson. We have reviewed your allegations and conducted a thorough internal inquiry. Our internal investigation shows no basis for your assertion of unpaid commission or bonuses to Mr. Wilkinson. Mr. Wilkinson did not close the referenced sale during his period of employment. As you will be aware, Mr. Wilkinson was notified in September of his eventual December 31, 2018, separation date. The fourth quarter of 2018 began and ended without the closure of the referenced account. As a result, Mr. Wilkinson did not qualify for the 2018 bonus and finished the 2018 sales year below quota.

As to the allegations you have made surrounding misrepresentation/fraud in the inducement: if you have evidence that Mr. Wilkinson was provided inconsistent information in connection with the execution of the severance and release, we would be very pleased to review the same and honor any unfulfilled representations. Our own search has revealed no misrepresentation or inconsistency in our communications.

Mr. Wilkinson has been fully paid and no additional compensation—be it in the form of wages, commissions, bonuses or otherwise—is outstanding.

Cordially,

**Brian Isgett**

General Counsel

RELIAS

919.297.8762 direct | www.relias.com

1010 Sync Street, Suite 100
Morrisville, NC 27560

bisgett@relias.com

---

**Kenneth Bordes** <kcb@kennethbordes.com>  Thu, Mar 28, 2019 at 1:25 PM
To: Brian Isgett <bisgett@relias.com>
Bcc: John Wilkinson <jfbwilkinson@outlook.com>

Mr. Isgett,

Thank you for you email. To be clear the unfair trade practice is not only related to the presentation of a commission earning statement saying one thing, then having it retracted. It also involves any purported notion that my client did not close the sale and/or earn his commission on the referenced renewal. Emails in your companies possession, dated December 20, 2018, will illustrate these points very clearly.

Your company is also in possession of the commission statement sent to my client in 2018, prior to signing separation paperwork, and the changed statement sent to him on January 16, 2019, significantly reducing those commissions after he signed the separation paperwork.

I am happy to discuss the matter further, and I would like any reference to any Louisiana legal authority that you contend absolves your company of paying these earned wages.

As always, I look forward to working with you to resolve these matters.

Best-

Kenny

### Kenneth C. Bordes, Attorney at Law, L.L.C.

2725 LAPEYROUSE ST. • NEW ORLEANS • LA • 70119

P: 504.588.2700 • F: 504.708.1717 • E: kcb@kennethbordes.com

Licensed in Louisiana and New York

www.KennethBordes.com



EXHIBIT B



VERIFIED

FILED
2019 APR 30 AM 9:42
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____                                       DIVISION: _____

JOHN B. WILKINSON

VERSUS

RELIAS, LLC

FILED: _____                    _____
                                           DEPUTY CLERK

ORDER

Considering the foregoing motion of Plaintiff:

IT IS ORDERED that Defendant, Relias, LLC, show cause, if any they can, on the __15__ day of __May__, 2019, at __9__ o'clock __A__.m. why judgment should not be rendered against them for all amounts and wages due and owing, for all penalties, and attorney's fees provided for under Louisiana Revised Statute 23:632, and for all costs of these proceedings together with interest from the date of judicial demand.

New Orleans, Louisiana, this __30__ day of __April__, 2019.

_____
JUDGE
ETHEL SIMMS JULIEN
JUDGE
Division "N"

PLEASE SERVE THE <u>RULE FOR JUDGMENT AND ORDER</u> AS FOLLOWS:

**RELIAS, LLC**
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802

PLEASE SERVE <u>ONLY THE ORDER</u> AS FOLLOWS:

**John B. Wilkinson**
Through counsel of record:
Kenneth C. Bordes
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM

5-2-19
VERIFIED
Barbara Gaude
Deputy Clerk

VERIFIED
RECEIVED
APR 30 2019
DIVISION "N"



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2019-4530

DIVISION: N
SECTION 8

JOHN B. WILKINSON

VERSUS

RELIAS, LLC

FILED: _____     _____
                                                DEPUTY CLERK

### RULE FOR JUDGMENT AGAINST DEFENDANT FOR UNPAID WAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, John B. Wilkinson, in the above entitled and numbered cause and respectfully represents that:

**PARTIES**

1.

Named Plaintiff herein is:

a) John B. Wilkinson, (hereinafter "Wilkinson" or "Plaintiff") domiciled in Orleans Parish, State of Louisiana, and who is a person of the full age of majority with procedural capacity to bring this action.

2.

The following party, made Defendant in this suit, is indebted to Plaintiff for payment of final wages, penalties, attorney fees and other amounts provided for under law:

a) RELIAS, LLC, (hereinafter "Relias" or "Defendant") a limited liability company who is doing business in this parish and this State, with a Registered Office and a Registered Agent at 501 Louisiana Ave., Baton Rouge, LA 70802, organized under the state of Delaware.

**VENUE AND JURISDICTION**

3.

Venue is proper in the Parish of Orleans pursuant to the Louisiana Code of Civil Procedure because Plaintiff resides in Orleans Parish and work sued upon herein was performed in the Parish of Orleans.

1